USI Puerto Rico, Inc., peticionario y recurrente, *v.* Adminis-
trador de la Administración de Estabilización Econo-
mica, demandada y recurrida.

*Número:* O-72-55     *Resuelto:* 30 de enero de 1973.

*Ramírez, Segal & Latimer,* abogados de la peticionaria; *Gilberto Gierbolini, Procurador General,* y *Adolfo J. Vilá, Procurador General Auxiliar,* y *Henry Schmer, Mercedes Dolz Pérez, Wilfredo López Irizarry, José M. González González, Pedro J. Torres Acevedo, Juan M. Lancara Reyes, Ramiro Agosto*

*Carrillo,* abogados de la Administración de Servicios al Consumidor.

EL JUEZ ASOCIADO SEÑOR RAMÍREZ BAGES emitió la opinión del Tribunal.

El peticionario ha impugnado la disposición del Reglamento para el Establecimiento de Cargos Máximos por Servicios de Crédito en la Venta al por Menor a Plazos de Maquinaria y Equipo Industrial, Agrícola y de Construcción, aprobado en 10 de septiembre de 1968 (10 R.&R.P.R. sec. 773–103) a tenor con lo dispuesto en la Ley Núm. 68 de 19 de junio de 1964 titulada "Ley para reglamentar las ventas al por menor a plazos y las compañías de financiamiento" (10 L.P.R.A. secs. 731 y ss., Suplemento 1972), que limita los cargos de costas y honorarios de abogado a $50 si el deudor redime la obligación por gestiones extrajudiciales del abogado antes de radicarse la acción en corte; $75 si la obligación se redime luego de radicada la acción mientras no se hayan publicado los edictos, pudiéndose añadir el costo de éstos si la redención tiene lugar luego de incurrido ese costo y $150 si la acción se convierte en litigio contencioso.

De acuerdo con lo provisto en el Art. 4011 de la referida ley (10 L.P.R.A. sec. 781 Supl. 1972, [1] el peticionario radicó

[1] "(a) La validez de un reglamento en vigor, aprobado al amparo de este Capítulo, puede ser impugnada por cualquier parte realmente interesada que se considere agraviada. Tal impugnación podrá hacerse mediante solicitud de revisión ante el Tribunal Superior de Puerto Rico, dentro de los quince días siguientes a la fecha de vigencia del reglamento. Copia de la solicitud de revisión será radicada inmediatamente con el Administrador.

(b) Las conclusiones de hecho de la Junta sostenidas por evidencia sustancial en el récord serán concluyentes.

(c) La parte perjudicada por la sentencia dictada por el Tribunal Superior podrá solicitar la revisión de la misma mediante certiorari por el Tribunal Supremo de Puerto Rico dentro de los treinta (30) días de haberse notificado dicha sentencia. El Tribunal Supremo podrá expedir el auto si considera la petición meritoria.

(d) Cuando se solicite la revisión judicial que se autoriza en esta sección, el Administrador elevará ante el Tribunal Superior los autos originales del caso dentro de los quince (15) días siguientes a la fecha de la radicación de la copia de la solicitud de revisión con el Administrador.

en el Tribunal Superior una solicitud de revisión con el fin de hacer patente, como parte interesada agraviada, la referida impugnación.

El tribunal de instancia denegó la petición. A esos efectos dictaminó que:

"Desconocemos los elementos de juicio que haya tenido la Junta ante sí para fijar las cantidades objetadas y no podemos concluir que dichos criterios hayan sido inadecuados y las cantidades irrazonables.

Examinada la transcripción de la vista pública celebrada surge como cierta la alegación del recurrente de que en dicha vista no se presentó prueba alguna ni se discutió sobre los cargos de costas y honorarios.

En la vista fijada a los efectos comparecieron los interesados y expusieron sus argumentos sobre dicha reglamentación. Ninguno de los deponentes tocó el punto de los cargos por costas y honorarios.

El hecho que los allí presentes nada dijeran en torno a ese punto no puede limitar a la Junta en su facultad de promulgar un reglamento que incluya cuestiones no levantadas en la vista pública."

Apunta el peticionario que el tribunal de instancia incidió al denegar la solicitud de revisión de aquél porque:

(1) La disposición reglamentaria impugnada no está sostenida por evidencia sustancial.

(2) El Art. 403 de la referida Ley Núm. 68 (10 L.P.R.A. sec. 773(8)) no confiere facultades a la Junta Reguladora del Crédito en Ventas al Por Menor a Plazos y a Compañías de Financiamiento, en lo sucesivo designada como la Junta, para reglamentar las cantidades a cobrarse por concepto de costas y honorarios de abogado.

Igualmente preparará y certificará como correcta la transcripción del récord taquigráfico del caso, el cual será elevado ante el tribunal a solicitud de parte interesada, previo pago de los derechos correspondientes y en la forma y dentro del término que lo ordene el Tribunal.

(e) El procedimiento que se establece en esta sección para la impugnación de reglamentos aprobados por la Junta es exclusiva y los mismos no estarán sujetos a revisión colateral."

■ 1—De entrada debemos disponer de la cuestión que plantea el Procurador General al efecto de que la solicitud de revisión del peticionario no hace referencia a una verdadera controversia; que se basa en supuestos eventuales y futuros. Concluimos que no tiene razón pues el referido Art. 403 [4011(a)] autoriza la impugnación de cualquier reglamento aprobado *por la mencionada Junta por parte interesada que se considere agraviada* siempre y cuando se radique el recurso dentro de los 15 días siguientes a la fecha de vigencia del reglamento. El peticionario alegó en su solicitud de revisión que se dedica a la venta de maquinaria y equipo de construcción y agrícola en Puerto Rico y que es parte perjudicada por la disposición del reglamento que limita los cargos por concepto de costas y honorarios. Esta alegación no fue motivo de controversia ante el tribunal de instancia; no se negó, controvirtió u objetó en forma o manera alguna durante el proceso ante dicho tribunal. Pretende el Procurador General que para que proceda la impugnación del reglamento en cuestión, debía aparecer que la peticionaria había celebrado un contrato de venta de máquina al por menor a plazos bajo el cual el comprador incurrió en mora por lo cual la peticionaria se vió forzada a recurrir a la acción de reposesión iniciada por abogado no empleado de la peticionaria y que las costas y honorarios con motivo de dicha acción superan los máximos establecidos por el reglamento impugnado. De ser esto así, nunca se podría impugnar parte alguna de dicho reglamento pues no es de suponer que las circunstancias señaladas por el Procurador General puedan concurrir dentro del término de los 15 días prescritos para radicar la solicitud de revisión. A nuestro juicio, la ley es clara de que el único requisito para radicar la solicitud de revisión para impugnar un reglamento es que el solicitante sea una parte interesada que se considere agraviada, hecho que se alegó en la solicitud de revisión en este caso y no fue objeto de controversia alguna en el tribunal de instancia.

■ 2—Es necesario también ·disponer del apuntamiento del Administrador de Estabilización Económica (ahora Director de Administración de Servicios al Consumidor) al efecto de que este recurso de *certiorari* no procede porque en el recurso de revisión "se lleva como recurrido" a dicho Administrador cuando debió "llevarse" en contra de la Junta que por virtud de la Ley Núm. 68 aprobó el reglamento en cuestión (10 L.P.R.A. secs. 771, 773, 774 (a), (b) y (c) ). Dicho apuntamiento no prosperó ante el tribunal de instancia. Carece de mérito, ya que el Art. 4011 (a) provee que copia de la solicitud de revisión será radicada inmediatamente con el Administrador aquí recurrido quien tiene a su cargo la administración y ejecución de dicha ley y de las reglas y reglamentos aprobados por la referida Junta y es el que convoca y dirige las audiencias públicas con respecto a la formulación de tales reglamentos y remite a la Junta sus conclusiones de hecho y un proyecto ·de reglamento junto con el récord completo de la audiencia, pudiendo la Junta aceptar, enmendar, completar, o rechazar el proyecto de reglamento recomendado por el Administrador (10 L.P.R.A. secs. 781, 776, 777). Nótese que el Art. 4013 de la Ley Núm. 68 (10 L.P.R.A. sec. 783) que provee un recurso ·de revisión para impugnar órdenes o resoluciones del Administrador está redactado en forma muy parecida al Art. 4011. Esta situación en relación con un texto falto de precisión en cuanto a la cuestión que venimos tratando, más bien tiende a sostener nuestra conclusión ·de que las solicitudes de revisión para impugnar los reglamentos de la Junta deben dirigirse al Administrador pues es con él y no con la Junta que la ley exige que inmediatamente se radique copia de la solicitud de revisión.

3—Apunta el peticionario que la Junta carece de facultad para regular y restringir el monto de las costas y honorarios de abogado. Arguye que el inciso (a) (8) del Art. 403 ·de la Ley Núm. 68 (10 L.P.R.A. sec. 773 (a) (8) ) que se ·invoca

para sostener tal facultad, en derecho no la ha conferido. Dicha disposición lee así:

"a) La Junta tendrá facultad . . .

. . . . . . . .

(8) Para establecer cargos por cualesquiera otros conceptos a que diere lugar la compra de mercancía o servicios al por menor a plazos, o la adquisición del contrato de venta al por menor a plazos o intereses sobre los mismos."

El peticionario señala que dicho inciso se refiere a cargos que surjan de la compra de mercancía, o servicios y no a cargos que puedan surgir de hechos subsiguientes, como incumplimiento por el comprador de sus obligaciones en cuanto al pago del precio aplazado; que de haber intentado el legislador que dicho inciso se extendiera más allá de los cargos que surjan directamente de la compraventa para incluir todos los cargos que pudieran emanar del contrato, no hubiera sido necesaria incluir muchas de las disposiciones específicas contenidas en el Art. 403 como por ejemplo, la facultad para prescribir cargos máximos por servicio de crédito en las ventas, para la devolución de estos últimos cargos, cargos por prórrogas o diferimientos, cargos por refinanciamientos y cargos por atrasos en el pago de los plazos. Considera el peticionario que el inciso 8 se refiere a cargos por investigación de crédito y otros *service charges* que resultan directamente de la transacción de compraventa al por menor a plazos; que de haberse intentado conceder facultad para reglamentar cargos para costas y honorarios de abogado se hubiera incluido una disposición específica.

■ Entendemos, en ausencia de prueba de la intención legislativa específica sobre la cuestión que nos ocupa, que el inciso 8 es una disposición residual dirigida a cubrir *cualesquiera otros cargos*, no previamente enumerados; que no son susceptibles de enumeración, o que no son conocidos o anticipados o que no han sido mencionados por inadvertencia, al redactarse la ley, o que tuvieren que reglamentarse más tarde

debido a las necesidades de los negocios subsiguientemente surgidas. Su propósito es darle a la Junta facultades dentro del mayor ámbito de la actividad de ventas al por menor a plazos, de manera que pueda reglamentar con razonable flexibilidad todos los cargos que corrientemente se han venido imponiendo como son los cargos de costas y honorarios, así como los que se consideren procedentes en lo sucesivo.

■ Concluimos, por lo tanto, que en virtud de lo dispuesto en el referido inciso 8, la Junta tiene facultad para reglamentar las costas y honorarios de abogado.

4—Apunta el peticionario que el tribunal de instancia incidió al denegar la impugnación de la reglamentación provista en cuanto a costas y honorarios pues no existe prueba sustancial en el récord administrativo suplido al tribunal de instancia en este caso por el Administrador a requerimiento de aquél, que sostenga y justifique los cargos en cuestión.

■ El inciso (b) del Art. 4011 de la Ley Núm. 68 (10 L.P.R.A. sec. 781(b)) dispone que "Las conclusiones de hecho de la Junta, sostenidas por evidencia sustancial en el récord serán concluyentes." Esta disposición quiere decir que toda reglamentación de determinados cargos como los que se impugnan en este caso, esté sostenida por prueba sustancial. *Hilton Hotels* v. *Junta de Salario Mínimo*, 74 D.P.R. 670 (1953).

En la Exposición de Motivos del referido Reglamento, la Junta relaciona la fuente de la prueba aducida en que basó los cargos reglamentados así:

"La Administración de Servicios al Consumidor realizó un estudio económico en casi todos los negocios en esta área que venden al por menor a plazos y tomó en cuenta un estudio presentado por un economista en representación de tres de las firmas comprendidas en el estudio realizado. Además se celebró una audiencia pública de acuerdo con el Artículo 407, incisos (a) y (b) de la Ley 68 del 19 de junio de 1964, según enmendada [10 L.P.R.A. Sec. 777]."

130

En el récord de la vista pública celebrada por el recurrido, no aparece que éste mostrase a los presentes proyecto alguno de la reglamentación que el recurrido se propusiese recomendar a la Junta. El aviso de audiencia pública[2] por el contrario solicita información sobre los distintos aspectos que un reglamento podría cubrir sin hacer referencia alguna a cargos por concepto de costas y honorarios, la reglamentación de los cuales no aparece específicamente incluida en el Art. 403 de la Ley Núm. 68.

■ En el transcurso de la vista, el récord de la cual hemos examinado, no aparece que se haya discutido u ofrecido prueba alguna con respecto a la naturaleza de los cargos por costas y honorarios, las circunstancias que requieren su reglamentación, los factores que deben considerarse al fijar determinados límites cuantitativos a los mismos, el hecho de que no existe necesidad de reglamentar las costas de los litigios ya que están debidamente reglamentadas y provistas por ley y que si se fijasen en cantidades menores a las previstas por ley, la parte promovente tendrá que pagar la diferencia. Tampoco aparece que el recurrido notificase a los presentes de su propósito de que se reglamentasen las costas y honorarios ni adujo éste en el aviso de la audiencia pública, información, dato,

---

[2] Dicho aviso lee así:

"La Administración de Establización Económica invita a toda compañía de financiamiento, bancos, comerciantes e industriales, consumidores y público en general para una audiencia pública que se celebrará el miércoles 26 de junio de 1968 a las diez de la mañana para conocer sobre Cargos Máximos por Servicio de Crédito y otros cargos en las ventas al por menor a plazos de maquinarias y equipo industrial, agrícola y de construcción.

La Audiencia Pública se efectuará en el Salón de Conferencia de esta Administración, Calle Labra Núm. 800, altos, parada 18 de Santurce.

Se solicita la comparecencia de cualquier persona natural o jurídica interesada, que pueda brindar información a los propósitos de esta audiencia, como por ejemplo: definiciones y clasificaciones de estos equipos, procedimientos utilizados en el cómputo de los cargos por servicio de crédito, riesgos envueltos en esta clase de financiamiento, costos envueltos en el manejo de contratos; seguros y otros aspectos, pudiendo los interesados someter por escrito sus sugerencias, declaraciones y alegaciones en o antes de la audiencia."

hecho, o comentario orientador alguno que constituyan base sustancial para sostener la reglamentación de las costas y honorarios impugnada.

Por el contrario, como indica el peticionario:

"Del récord surge con entera claridad que los financiamientos cubiertos por el Reglamento que nos ocupa que cubre ventas a plazos de equipo industrial, agrícola y de construcción, implica riesgos mucho mayores que los financiamientos de ventas de automóviles y otros vehículos de motor. En primer lugar de la declaración del economista Bernardo Stipek surge que el monto de los financiamientos en los casos cubiertos por el Reglamento que nos ocupa es generalmente mucho mayor que en el caso de los financiamientos cubiertos por el Reglamento aplicable a automóviles. Por ejemplo las sumas financiadas en casos de venta de maquinaria para canteras generalmente exceden de $100,000.00 y los financiamientos de tractores y otros equipos de construcción e industriales en muchos casos alcanzan cifras parecidas y en términos generales son por cantidades muchas veces mayores que los financiamientos de automóviles. Además también aumenta al riesgo en el caso que nos ocupa debido a que los financiamientos están mucho más concentrados en un grupo limitado de personas y entidades. En el caso de automóviles normalmente se le financia a una persona uno o quizás dos automóviles. Más en el caso de compradores de equipo agrícola, industrial y de construcción generalmente se trata de compañías o individuos cada uno de los cuales posee una variedad de equipos financiados. Es interesante señalar que a pesar de este mayor riesgo y muy especialmente de que las cantidades financiadas en el caso de ventas cubiertas por el Reglamento objeto de impugnación son mucho mayores, la disposición incorporada en el Reglamento que nos ocupa con relación a costas y honorarios de abogado resulta ser idéntica a la previamente incorporada en el Reglamento relacionado con la venta de vehículos de motor. Aparte de otros factores de riesgo, es evidente que en el caso de financiamiento por fuertes sumas de dinero como los que generalmente ocurren en el caso de ventas de equipo cubiertos por el Reglamento que nos ocupa, las posibilidades de un pleito costoso son infinitamente mayores. Por otra parte, las entidades o compañías que compran equipos de construcción agrícola e industrial generalmente están en mejor posición para contratar excelente representación legal, lo cual da

lugar a planteamientos que añaden sustancialmente a los costos del litigio. En el caso de automóviles, las personas que se ven envueltas en procedimientos de reposesión son generalmente personas de escasos recursos económicos que en la mayoría de los casos ni siquiera poseen los medios para contratar abogados que los defiendan."

En vista de lo expuesto, *se revocará la resolución del tribunal de instancia dictada en este caso en 30 de diciembre de 1971. En su lugar se dictará sentencia anulando el inciso (b) de la Sección 773–103 del mencionado reglamento. Deberá devolverse el caso al Sr. Director de la Administración de Servicios al Consumidor para que, si a su juicio es aun necesario reglamentar los cargos de honorarios de abogado, tome las medidas necesarias a ese efecto de acuerdo con el Art. 407 de la Ley Núm. 68 (10 L.P.R.A. sec. 777.)* (³)

El Juez Presidente Interino, Señor Pérez Pimentel, disiente de aquella parte de la opinión que resuelve que la Junta Reguladora del Crédito en Ventas al por Menor a Plazos y de Compañías de Financiamiento tiene facultad, bajo el Art. 403 (a) (8) de. la Ley Núm. 68 (10 L.P.R.A. sec. 773), para establecer cargos por concepto de costas y honorarios de abogado.

---

(³) Dicho Art. 407 provee para la celebración de audencia sobre la materia a reglamentarse, el envío a la Junta por dicho Director de su informe conteniendo sus conclusiones de hecho y un proyecto de reglamento junto con el récord completo de la audiencia. Considerado todo esto por la Junta, ésta puede aceptar, enmendar o rechazar el proyecto de reglamento. Si lo aprueba tendrá fuerza de ley sujeto al trámite provisto por la Ley Sobre Reglamentos (3 L.P.R.A. secs. 1041 a 1059).